FILED
2005 Jun-14 AM 09:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| RACHEL T., by and through her mother and next friend, Marianna Willoughby, and MARIANNA WILLOUGHBY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No.:  CV-04-S-3564-M ) |
| DEKALB COUNTY COMMISSION, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This action is before the court on defendants' motion for leave to file a third-party complaint against "The ARC of DeKalb County."[1]  Defendants state that:

> The ARC of DeKalb County is an entity not a party to this action who is liable to the Defendants for all or part of the Plaintiff's claim against the Defendants by way of a contractual indemnity agreement . . . .  The ARC's liability to Defendants is dependent on the outcome of the main claim in this action and therefore is derivative of the main claim . . . .  The ARC is liable secondarily to the original defendants in the event that the latter is held liable to the plaintiff.[2]

A defendant, acting as a third-party plaintiff, may implead any non-party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim

---

[1] Doc. no. 14.

[2] *Id.*

against the third-party plaintiff." Fed. R. Civ. P. 14(a). *See also Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982). "Impleader, or third party practice, is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim." *Faser*, 674 F.2d at 860 (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967). "In other words, if the defendant has no liability to the plaintiff, then the third party defendant has no liability to the defendant-third party plaintiff." *Faser*, 674 F.2d at 860. "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (citation omitted).

Where, as here, a defendant must seek leave to file a third-party complaint, "the determination is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." *Lehman v. Revolution Portfolio*, 166 F.3d 389, 393 (1st Cir. 1999). Hence, the first consideration is whether defendants have a "colorable claim" of derivative liability. The court concludes that they do, based on the their representation that The ARC of DeKalb County is "liable

to the Defendants for all or part of the Plaintiff's claim against the Defendants by way of a contractual indemnity agreement." The second consideration is whether allowing the third party complaint will unduly delay the ongoing proceedings. Plaintiff filed her complaint on December 30, 2004.[3] Discovery is not due to be completed until January 6, 2006, dispositive motions are not due until February 2006, and a trial, if necessary, will not commence until April 2006.[4] Adding a third-party complaint should not impact these deadlines.

The final consideration is whether the third party complaint may "otherwise prejudice" the ongoing proceedings. Three issues merit discussion here. First, "[s]ufficient prejudice to warrant denial of impleader *may* be present when bringing in a third party will introduce unrelated issues and unduly complicate the original suit." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1443 at 304 (1990) (emphasis supplied). Nevertheless, a district court may avoid such complications by "ordering a separate trial after taking advantage of the impleader mechanism throughout the pretrial phase." *Id*. at 307. The court concludes that this option is preferable to denying impleader in this case. Second, when a defendant seeks to implead his insurer, there is the potential risk that a jury, aware of the insurance company's existence, may decide to increase the damages awarded to

---

[3] Doc. no. 1.

[4] *See* doc. no. 13 (Scheduling Order).

plaintiff. *See id.* at 307. This risk may be eliminated, however, by ordering a separate trial to decide whether The ARC of Dekalb County is obligated to indemnify defendants. *See id.* Again, the court concludes that this option is preferable to denying impleader. Finally, adding The ARC of Dekalb County as a third-party defendant will not destroy the court's jurisdiction over this case. Plaintiff claims that defendants discriminated against her on the basis of disability, in violation of the Rehabilitation Act of 1973, as amended 29 U.S.C. § 794, and the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 *et seq.*[5] In cases where the court's jurisdiction is based solely upon a federal question, the district court has discretion to entertain state claims that are supplemental to the federal claim. *See* 28 U.S.C. § 1367(a).[6] *See also* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1444 at 324 (1990) ("[I]f plaintiff's claim against the original defendant raises a federal question, the third-party claims will be retained even though there are no independent grounds for jurisdiction.").

---

[5] *See* doc. no. 1, Complaint, ¶ 1.

[6] 28 U.S.C. § 1367(a) provides that:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Defendants' motion for leave to file a third-party complaint will be granted. An appropriate order will be entered contemporaneously herewith.

DONE this 13th day of June, 2005.

_____
United States District Judge